UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-61107-CIV-ZLOCH

STEVEN I. WEISSMAN, *as
Custodian under the Florida
Uniform Transfers to Minors Act,
as Trustee and individually,*

    Plaintiff,

vs.

THE NATIONAL ASSOCIATION OF             **O R D E R**
SECURITIES DEALERS, INC., and
THE NASDAQ STOCK MARKET, INC.

    Defendants.
_____/

THIS MATTER is before the Court upon Defendants The National Association of Securities Dealers, Inc. and The NASDAQ Stock Market, Inc.'s Motion To Dismiss (DE 72). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

The above-styled cause centers on Plaintiff's claims that Defendants the National Association of Securities Dealers (hereinafter the "NASD") and the NASDAQ Stock Market (hereinafter the "NASDAQ") violated certain Florida laws governing the solicitation of securities by placing advertisements that promoted WorldCom stock. Additionally, Plaintiff alleges that these advertisements were meant to promote WorldCom as a sound investment and a company that adhered to NASDAQ's regulatory scheme, despite the fact that NASDAQ had knowledge that WorldCom was not abiding by the NASDAQ's prescribed accounting methods. Plaintiff alleges that this was all done to encourage the purchase of WorldCom stock by

investors, thereby increasing profits in NASDAQ's for-profit business. These actions, Plaintiff alleges, constitute the common law torts of fraud and negligent misrepresentation. See DE 1.

Defendants previously moved to dismiss this action on the basis of their immunity from suit and Plaintiff's failure to state a claim upon which relief may be granted. See DE Nos. 9 & 11. The Court previously ruled that Defendants do not enjoy immunity when they act in a for-profit, non-regulatory capacity, and found that Plaintiff adequately stated a claim upon which relief may be granted. See DE 34. Defendants then took an appeal. A panel of the Court of Appeals and the Court sitting en banc addressed the issue of whether Defendants had immunity from suit for certain non-regulatory acts, and in their respective decisions affirmed this Court's Order (DE 34), in part. Weissman v. Nat'l Ass'n of Sec. Dealers, Inc., 468 F.3d 1306 (11th Cir. 2006); Weissman v. Nat'l Ass'n of Sec. Dealers, Inc., 500 F.3d 1293, 1295 (11th Cir. 2007) (en banc). Soon after the Court received the Eleventh Circuit's Mandate, Defendants filed the instant Motion To Dismiss (DE 72).

The Defendants' instant Motion contains several bases for dismissing Plaintiff's Complaint for failure to state a claim upon which relief may be granted, many of which mirror those raised in their initial Motions To Dismiss (DE Nos. 9 & 11). In its previous Order (DE 34), the Court addressed the non-immunity based arguments for dismissal under the standard articulated by the Supreme Court in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). DE 34, p. 9.

During the time this action was pending before the Court of Appeals, the Supreme Court in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1969-70 (2007), abrogated the test formulated in Conley with a "plausibility" test. Id. at 1966. The precise effect of Twombly upon civil litigants and the district courts that rule upon their motions to dismiss has yet to be determined. See, e.g., Phillips v. County of Alleghany, ___ F.3d ___, 2008 WL 305025, **6-7 (3d Cir. Feb. 5, 2008); Iqbal v. Hasty, 490 F.3d 143, 155 (2d Cir. 2007) (noting that "[t]he nature and extent of that alteration is not clear because the Court's explanation contains several, not entirely consistent, signals"). However, it is clear that the Supreme Court has not altered the pleading standard under Rule 8(a)(2). See Twombly, 127 S. Ct. at 1974 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on it face."). Nor does it require that a complaint contain more factual specificity than was required prior to Twombly. The holding of Twombly has been summed up as: "stating a claim requires a compliant with enough factual matter (taken as true) to suggest the required element." Phillips, supra at *6. Thus, the phrase "to suggest the required element" means a complaint must go beyond the speculative level. See Twombly, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). And it forces plaintiffs to plead facts which rise to the level of plausible. See id. at 1974 (noting "plaintiffs have not nudged their claims across the

3

line from conceivable to plausible"); Ridge at Red Hawk L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (noting "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support of these claims"). Simply put, there must be a "showing sufficient to move the case beyond pleadings to the next stage of litigation." Phillips, supra, at *7.

Defendants argue that the Twombly decision compels this Court to revisit its prior decision denying each of the previously raised issues. In addition, there are several smaller arguments that were not previously made by Defendants that would eliminate the breadth of some of Plaintiff's claims. The Court has considered the briefing of the Parties, including several supplemental briefs as to the effect of Twombly, see DE Nos. 85, 94-96, 102, and it has also entertained oral argument on Defendants' Motion. DE 101.

After a full review of the record before it, the Court finds that Plaintiff has pled with specific particularity the statements and actions of Defendants which he alleges are actionable. DE 34, pp. 12-14. The sole question then remains whether Plaintiffs claims are plausible under Twombly, such that the factual allegations are "enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. This applies both to Plaintiff's common law and statutory claims. The Court finds that Plaintiff's allegations rise above the speculative level concerning Defendants' purported violations of Florida's Blue Sky Laws. The question of whether Plaintiff can establish that Defendants' actions constitute

4

solicitation and establish the element of privity, see In re Sahlen & Assocs., Inc. Sec. Litigation, 773 F. Supp. 342, 372 n.40 (S.D. Fla. 1991); Hillard v. Black, 125 F. Supp. 2d 1071, 1083 (N.D. Fla. 2000), is more appropriately dealt with at the summary judgment stage.

The issue then becomes whether it is plausible that Plaintiff justifiably relied upon the Defendants' non-regulatory statements in making his decision to purchase WorldCom stock. Plaintiffs allegations taken as true make a plausible showing that he justifiably relied upon certain representations of Defendants in making some of his purchases of WorldCom stock so as to constitute common law fraud or possibly negligent misrepresentation. See, e.g., Twombly, 127 S. Ct. at 1965 (noting that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely") (quotations omitted).

There remains an additional issue, as to whether Plaintiff's allegations concerning the NASD's slogan, "Consumer Protection. Market Integrity." is actionable. In Plaintiff's Response (DE 78) to the instant Motion, he states that the "use of the slogan is not alleged to be actionable conduct." DE 78, p. 12. Rather, it pertains solely to his reasonable reliance on Defendant's advertisements. Id. After careful review of each time that phrase is used in Plaintiff's Complaint, the Court is satisfied that it is not being used as an actionable statement. Rather, like much of the Complaint's background information, it paints a picture of

Defendants' duties and the substance of their role in the public trading of securities.  The duties of Defendants and their role in the securities markets can properly be included in the quantum of information Plaintiff knew about Defendants when he chose to rely on other, actionable, statements.  Plaintiff's Complaint is replete with such references to the NASD and NASDAQ operating in their regulatory capacity, which are not alleged to be actionable, but are provided as background.  <u>See, e.g.</u>, DE 1, ¶¶ 13-18, 20; <u>Weissman</u>, 468 F.3d 1311-12.

Therefore, it is clear that under the standard articulated by the Supreme Court in <u>Twombly</u> the Plaintiff's Complaint sets forth a plausible claim for relief as to each of the Counts therein.  In addition, many of the particular arguments raised in the instant Motion (DE 72) as to which trades are actionable are more appropriately addressed at the summary judgment stage.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants The National Association of Securities Dealers, Inc. and The NASDAQ Stock Market, Inc.'s Motion To Dismiss (DE 72) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this  12th   day of March, 2008.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record