```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO.  03-61107-CIV-ZLOCH
```

STEVEN I. WEISSMAN,

      Plaintiff,

vs.

                                                        **O R D E R**

THE NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC., et al.,

      Defendants.

_____/

    THIS MATTER is before the Court upon Plaintiff Steven I. Weissman's Motion To Compel (DE 104). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    In the instant Motion (DE 104) Plaintiff seeks both to compel Defendants to produce certain discovery that pertains to requests propounded on July 12, 2003, and to have any objections to Plaintiff's discovery requests deemed waived. At the outset of this litigation, Defendants filed Motions To Dismiss on the basis of their absolute immunity from suit. See DE Nos. 7 & 9. The Court previously ruled that Defendants do not enjoy immunity when they act in a profit-making, non-regulatory capacity. See DE 34. Defendants appealed the Court's ruling, which was later affirmed in part by both a panel of the Eleventh Circuit and the entire court siting en banc. See Weissman v. Nat'l Ass'n of Sec. Dealers, Inc., 500 F.3d 1293, 1295 (11th Cir. 2007) (en banc). Soon after the Court received the Eleventh Circuit's Mandate, Plaintiff filed a Motion To Compel (DE 67) and Defendants filed a second Motion To Dismiss (DE 72). The issue raised in

Defendants' second Motion To Dismiss was whether Plaintiff has stated a claim upon which relief may be granted under the standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1969-70 (2007). While Defendants' Motion To Dismiss (DE 72) was pending, the Court stayed all discovery until resolution of the same. DE 90. The Court denied Defendants' Motion on March 12, 2008. DE 103.

Plaintiff moves again to have the Court compel discovery requests served at the inception of this case in 2003 and to deem any objections by Defendants waived. The crux of Plaintiff's argument is that these requests were served on Defendants in July 2003 and the applicable deadlines for stating objections have since expired. As noted above, within a month of this action being filed the Defendants moved to dismiss the action on the basis of their immunity from suit. The governing caselaw dictates that discovery not commence before the threshold issue of immunity is resolved. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). Therefore, Defendants were not obligated to participate in discovery while this Court and the Eleventh Circuit addressed the issue. Additionally, the Court stayed all discovery in this matter until it ruled on Defendants' Motion To Dismiss. See DE 90. Thus, at no time before the Court ruled on said Motion were Defendants obligated to engage in discovery. However, now that the Court has denied said Motion and an Answer has been filed putting the case at issue, the Parties are to proceed with discovery in this matter with all due haste.

2

Further, the Court declines to address Plaintiff's specific argument that Defendants have waived their right to object to Plaintiff's discovery requests beyond the previously stated ground that they are entitled to absolute immunity from suit. In light of the nature of Defendants' defenses and the complexity of the issues that are sure to arise in the discovery process, such an interpretation of the waiver provision contained in Federal Rules 32(d), 33(b)(4), 36(a)(3) is contrary to the purpose of accessing and discovering the truth of the claims codified in the Federal Rules. See United States v. Proctor & Gamble, Co., 356 U.S. 677, 682 (1958) ("[The discovery rules] together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.") (citation omitted). Therefore, the Court shall deny Plaintiff's instant Motion (DE 104).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Steven I. Weissman's Motion To Compel (DE 104) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   10th   day of April, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record